IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCELO CARUSO,                    )
                                   )
        Petitioner,                )
                                   )
    v.                             )        Civil Action No. 2:13cv57-SRW
                                   )                (WO)
UNITED STATES OF AMERICA, *et al.* )
                                   )
        Respondents.               )

## MEMORANDUM OPINION

This case is before the court on a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.[1]

## I.   INTRODUCTION

The petitioner, Marcelo Caruso ("Caruso"), is incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving an 18-month sentence imposed in May 2012 by the United States District Court for Middle District of Florida, upon his conviction for wire fraud in violation of 18 U.S.C. § 1343.  Invoking the Second Chance Act of 2007, Caruso asks this court to order the Federal Bureau of Prisons ("BOP") to place him in a residential reentry center ("RRC") for the maximum time allowed for the final portion of his sentence.  Doc. No. 1 at 1-2.  In this regard, he seeks an order directing the BOP "in good faith to consider [him] on an individual basis using the five factors set forth in 18 U.S.C. § 3621(b), plus to

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ.P. 73, the parties consented to having the United States Magistrate Judge conduct all proceedings in this case and order the entry of final judgment.

take into account the language in 18 U.S.C. § 3624 (c)(6)(C)," and to grant him 12 months'

placement in an RRC to "provide the greatest likelihood of successful reintegration into the

community."  Doc. No. 1 at 1-2.

The respondents answer that Caruso's § 2241 petition should be dismissed because

he has failed to exhaust the BOP's available administrative remedies with respect to his

claims.  Doc. No. 10 at 4-9.  Caruso, however, maintains that the exhaustion requirement

should be excused in his case because it would be futile to pursue the BOP's administrative

remedies.  Doc. No. 1 at 3-4; Doc. No. 13 at 5-7.

## II.   DISCUSSION

The Second Chance Act of 2007, in relevant part, provides:

(1)  In general.–  The Director of the Bureau of Prisons shall, to the
extent practicable, ensure that a prisoner serving a term of imprisonment
spends a portion of the final months of that term (not to exceed 12 months),
under conditions that will afford that prisoner a reasonable opportunity to
adjust to and prepare for the reentry of that prisoner into the community.  Such
conditions may include a community correctional facility.

....

(6)  Issuance of regulations.–  The Director of the Bureau of Prisons
shall issue regulations pursuant to this subsection not later than 90 days after
the date of the enactment of the Second Chance Act of 2007, which shall
ensure that placement in a community correctional facility by the Bureau of
Prisons is –

(A)   conducted in a manner consistent with section
3621(b) of this title;

(B)  determined on an individual basis; and

2

> (C)   of sufficient duration to provide the greatest
> likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).  Pursuant to the Second Chance Act, BOP staff is required to review inmates for RRC placement 17 to 19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b).[2]

The respondents contend that the BOP has conducted a proper assessment of Caruso's suitability for RRC placement and has recommended that he be placed in an RRC for the final 121 to 150 days of his sentence.[3]  Doc. No. 10 at 3-4.  The respondents argue that if Caruso disagrees with this recommendation, he is obligated to follow the BOP's

---

[2] The relevant factors under § 3621(b) are:

(1)  the resources of the facility contemplated;

(2)  the nature and circumstances of the offense;

(3)  the history and characteristics of the prisoner;

(4)  any statement by the court that imposed the sentence –

> (A) concerning the purposes for which the sentence to imprisonment
> was determined to be warranted; or

> (B)   recommending a type of penal or correctional facility as
> appropriate; and

(5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

[3] Caruso was reviewed for RRC placement on July 27, 20012.  *See* Doc. No. 10-2.  When he filed the instant petition, his projected release date was October 15, 2013, assuming that he receives all good conduct time available.  *See* Doc. No. 10-1.

3

administrative remedy procedure. *Id*. It is undisputed, however, that Caruso has not attempted to pursue relief via the BOP's administrative remedies. As noted, Caruso maintains that exhaustion should be excused because, he says, it would be futile to pursue the BOP's administrative remedies. Doc. No. 1 at 3-4; Doc. No. 13 at 5-7.

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his available administrative remedies before seeking relief from this court. *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *See* 28 C.F.R. §§ 542.10 *et seq*.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedies may he seek relief in federal court. *Id*. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Caruso has not exhausted the three-level administrative remedy process, set forth at 28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement in an RRC. Therefore, he has not satisfied the requirement that he exhaust his available

4

administrative remedies before seeking habeas corpus relief in federal court.  Moreover, Caruso has failed to establish that it would be indeed be futile to pursue the BOP's administrative remedies.  Caruso suggests that he will be delayed in vindicating his rights if he complies with the BOP's administrative remedies program, and that the time required to exhaust administrative remedies would deprive him of the full time he alleges he is entitled to serve in an RRC.  Doc. No. 1 at 3-4.  However, there are deadlines incorporated into the administrative remedies program that prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom.  *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response times at various levels of review).

Caruso further suggests that exhaustion should be excused in his case because the BOP has "predetermined" the duration of his placement in an RRC based on an erroneous understanding of the requirements of the Second Chance Act.  *See* Doc. No. 13 at 5-6. Caruso presents no evidence in support of this conclusory allegation, and the cases he cites in support are inapposite to the facts and issues in his case.

Caruso has not established circumstances justifying waiver of the exhaustion requirement. Therefore, dismissal of Caruso's § 2241 petition for failure to exhaust administrative remedies is warranted.

## III.   CONCLUSION

Accordingly, the court finds that the 28 U.S.C. § 2241 petition for habeas corpus relief should be DISMISSED without prejudice because Caruso has failed to exhaust

administrative remedies in accordance with the procedures established by the BOP.

A separate final judgment will be entered.

DONE, this 22nd day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

6